# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CAROLYN S. MOORE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0952** (BOR Appeal No. 2048174)
(Claim No. 2010134307)

**WOODRIDGE ASSISTED LIVING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carolyn S. Moore, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Woodridge Assisted Living, LLC, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a February 7, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 28, 2011, decision which denied Ms. Moore a permanent partial disability award and instead granted Ms. Moore a 1% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Moore, a certified nursing assistant, was injured in the course of her employment on April 7, 2010, while putting surgical hose on a patient. Her claim was held compensable for sprain/strain of the metacarpophalangeal joint, right carpal tunnel syndrome, right transient arthropathy, and ganglion of the right joint. Ms. Moore was initially treated with a splint, medication, and rest. Luis Bolano, M.D., determined in a December 13, 2010, treatment note that surgery would be necessary. He performed a right carpal tunnel release, right thumb

1

carpometacarpal arthroplasty and excision of the trapezium, and excision of the ganglion in the right wrist on February 4, 2011. Ms. Moore underwent physical therapy and by June 5, 2011, her treating physician, Donna Davis, D.O., determined that she was doing well, had returned to work, and had normal range of motion.

Ms. Moore underwent three independent medical evaluations in order to determine the amount of permanent impairment she sustained as a result of her compensable injury. The first evaluation was performed by James Dauphin, M.D., on May 25, 2011. Dr. Dauphin found normal range of motion of the wrist and thumb. He noted pain with attempted pinch and grab but no loss of sensation in the hand. Ms. Moore had reached maximum medical improvement. He assessed 0% impairment for carpal tunnel syndrome because there was no range of motion loss and no loss of sensation. She also received 0% impairment for sprain of the metacarpophalangeal joint, right transient arthropathy, and ganglion of right joint.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on November 1, 2011. Dr. Guberman diagnosed post-traumatic right thumb carpometacarpal arthritis, status post right volar ganglion cyst, and post-traumatic right carpal tunnel syndrome. Ms. Moore denied any numbness or tingling in her right hand. Dr. Guberman found that she had reached maximum medical improvement. He assessed 8% upper extremity impairment and 10% impairment for carpal tunnel syndrome for a combined total of 17% whole person impairment.

A final independent medical evaluation was performed by Prasadarao Mukkamala, M.D., on October 3, 2012. Dr. Mukkamala found normal range of motion of the right wrist. He diagnosed right thumb sprain and found that Ms. Moore had reached maximum medical improvement. He assessed 1% impairment for the right thumb and 0% impairment for carpal tunnel syndrome. Dr. Mukkamala disagreed with Dr. Guberman's assessment because he did not find range of motion findings as restrictive as Dr. Guberman noted. Further, he found no symptoms referable to carpal tunnel syndrome.

The claims administrator denied Ms. Moore a permanent partial disability award on June 28, 2011. The Office of Judges reversed the decision in its February 7, 2013, Order and granted Ms. Moore a 1% permanent partial disability award for the right thumb. The Office of Judges found that Dr. Guberman was the only evaluator of record to find impairment for carpal tunnel release. Further, Dr. Davis, Ms. Moore's treating physician, stated in a May 11, 2011, treatment note that she had normal sensation without residuals from her carpal tunnel release. Dr. Guberman's assessment of 10% impairment for carpal tunnel syndrome was therefore determined to be inconsistent with the medical evidence of record. The Office of Judges concluded that a preponderance of the evidence indicated that Ms. Moore sustained 1% impairment for her right thumb injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 5, 2013, decision. This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Moore is entitled to a 1% permanent partial disability award for her compensable right thumb injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II